UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GIUSEPPE TRUPIA,
                    Plaintiff,                    05-CV-6085 (SJF)

            -against-                              **OPINION & ORDER**
                                                   On Motion for
                                                   Attorneys' Fees (doc. #13)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
----------------------------------------X

FEUERSTEIN, J.

I.    Introduction

Before the Court is Plaintiff Giuseppe Trupia's ("Plaintiff") motion for attorneys' fees pursuant to Social Security Act, 42 U.S.C. § 406(b)(1), to be paid out of the past-due benefits awarded to him as the result of this action. Plaintiff requests an award of nineteen thousand eight hundred sixty-two dollars and seventy cents ($19,862.70) for attorneys' fees based on a contingent fee agreement between himself and his attorney, Charles E. Binder.[1] The Commissioner opposes the motion arguing that such a fee will result in a windfall to Counsel. For the reasons set forth below, the Plaintiffs' motion is GRANTED.

---

[1] Attorneys Charles E. Binder and Kristine S. Kwon, both of the law firm Binder and Binder, P.C., worked on Plaintiff's case. For convenience, the Court shall refer to the firm, Attorney Binder and Attorney Kwon in the singular as either "Binder" or "Counsel".

1

II. Background[2]

On July 29, 1997, the Plaintiff retained Binder to represent him before the Social Security Administration ("SSA") regarding an application for Social Security disability benefits. (See Binder Aff. at ¶ 1.) At that time, Plaintiff entered into a retainer agreement with Counsel; pursuant to its terms, the Plaintiff agreed that if Binder was successful with its representation, the firm would be entitled to twenty-five percent (25%) of the benefits awarded to Plaintiff. (See id.)

On September 24, 1997, Plaintiff filed an application for Social Security benefits alleging disability as of May 12, 1996. (See id.) The application was initially denied and denied again on reconsideration. (See id.) On March 23, 1998, Plaintiff made a timely request for a hearing. (See id.) Plaintiff appeared with Counsel at a June 17, 1999 administrative hearing before Administrative Law Judge ("ALJ") Manuel Cofresi. (See id. at ¶ 2.)

On November 4, 1999, ALJ Cofresi issued a written decision finding Plaintiff was not disabled within the meaning of the SSA. (See id.) Plaintiff appealed this decision to the Appeals Council on November 11, 1999. (See id.) In support of Plaintiff's appeal, on May 30, 2002, Counsel submitted comments to the Appeals Council. (See id.) "[O]n October 11, 2002, the Appeals Council vacated the hearing decision and remanded the case to an ALJ for further administrative proceedings." (Id.)

On February 25, 2003, Plaintiff and Counsel appeared at a second administrative hearing before ALJ Cofresi. (See id. at ¶ 3.) ALJ Cofresi again found the Plaintiff was not disabled

---

[2] Background facts are taken from Attorney Binder's Affirmation (hereinafter cited as "Binder Aff."), attached to Plaintiff's Motion for Attorneys' Fees. (See doc. #13.) In his Response to the Plaintiff's Motion, the Commissioner does not object to representations made in Attorney Binder's Affirmation. (See doc. #19.) Therefore, finding it unopposed, the Court culls the pertinent facts from the Binder Affirmation.

2

within the meaning of the Social Security Act; the ALJ's determination was made by a written notice dated August 28, 2003. (See id.) Plaintiff again requested a review of ALJ Cofresi's decision. (See id.) On May 19, 2004 Counsel submitted comments supporting the appeal. (See id.) "Despite this, and new and material evidence, the Appeals Council denied the request for review on November 10, 2005." (Id.) This action was commenced on December 29, 2005.

Pursuant to the parties' stipulation, this Court remanded the case to the Commissioner of Social Security for a *de novo* hearing before an ALJ. (See id. at ¶ 4.) The ALJ issued a decision finding the Plaintiff was disabled as of his alleged onset date through December 11, 2005, the date when he attained full retirement age. (See id. at ¶ 7.)

Plaintiff's Counsel was awarded six thousand twenty-three dollars and thirty cents ($6,023.30) in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (See id. at ¶ 5.) Counsel now seeks the balance of the twenty-five percent (25%) contingency fee, or nineteen thousand eight hundred sixty-two dollars and seventy cents ($19,862.70), to which the Plaintiff consents.[3] (See id. at ¶¶ 13, 15.) A total of thirty-six and one quarter (36.25) hours were expended on this case by Attorney Binder and Attorney Kwon, a senior attorney with Binder and Binder. (See id. at ¶¶ 11, 14.)

---

[3] For clarity, twenty-five percent (25%) of Plaintiff's disability benefits award is twenty-five thousand eight hundred eighty-six dollars ($25,886). Counsel has already been awarded six thousand twenty-three dollars and thirty cents ($6,023.30) of that amount leaving a balance of nineteen thousand eight hundred sixty-two dollars and seventy cents ($19,862.70) for which Plaintiff now seeks an award.

3

III. Analysis

   A. Standard of Review

Section 406(b) of the Social Security Act authorizes a court to award reasonable attorneys' fees to a successful claimant's attorney provided those fees do not exceed twenty-five percent (25%) of the amount of past-due benefits awarded to the claimant. 42 U.S.C. § 402(b); see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 ( 2002); Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

> [B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations.

Wells, 907 F.2d at 371; see also Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("Courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.") (citing Gisbrecht, 535 U.S. at 808). Yet, the maximum twenty-five percent (25%) "contingent fee arrangements cannot simply be adopted as *per se* reasonable in all social security cases." Benton v. Comm'r Soc. Sec., No. 03-cv-3154 (ARR), 2007 WL 2027320, *1 (E.D.N.Y. May 17, 2007) (quoting Wells, 907 F.2d at 371). Rather, courts are directed to consider several factors, for example:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are

> large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn, 389 F. Supp. 2d at 456 (quoting Gisbrecht, 535 U.S. at 808). The Second Circuit has similarly framed a court's reasonableness considerations: A court should "determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citing McGuire v. Sullivan, 873 F.2d 974 (7th Cir. 1989)). Further,

> while the court can only award § 406(b) fees for representation of the plaintiff before this court, the work performed by the attorney at the agency-level is relevant insofar as it assists the court in understanding "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court."

Benton, 2007 WL 2027320, at * 2 (quoting Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005); citing Joslyn, 389 F. Supp. 2d at 457). Regardless, where a court finds the facts of a case warrant a finding of unreasonable attorneys' fees, it may reduce those fees provided it articulates its reasons for doing so. See Wells, 907 F.2d at 372.

B.   The Instant Case

In support of his Motion for Attorneys' Fees, Plaintiff has submitted several documents for the Court's consideration:

(1)   the Affirmation of Charles E. Binder, detailing the work performed by Attorneys Binder and Kwon on behalf of the Plaintiff, and providing a brief history of both Attorney Binder's and Attorney Kwon's work experience;

(2)   SSA's Notice of Award, dated June 21, 2007 (Ex. A, attached to Binder Aff.);

5

(3) a September 4, 2007 letter from the Plaintiff to the Court (a) affirming Plaintiff's agreement with Counsel to a twenty-five percent (25%) contingency fee, (b) expressing Plaintiff's belief that this arrangement is reasonable, and (c) stating Plaintiff's satisfaction with Counsel's representation (Ex. B, attached to Binder Aff.);

(4) an itemization of the hours spent by Attorneys Binder and Kwon on Plaintiff's litigation of this case (Ex. C, attached to Binder Aff.); and

(5) the Plaintiff's "Social Security Appeal Retainer Agreement" with Counsel, dated November 28, 2005 (Ex. D, attached to Binder Aff.).

Counsel has not included any information on Attorney Binder's or Attorney Kwon's hourly rates.

The Commissioner opposes Plaintiff's Motion arguing the award sought is a windfall to Counsel. (See Def.'s Resp. at 1, 2.) The crux of the Commissioner's argument is that, based upon the information presented, Plaintiff's Counsel is earning over seven hundred dollars ($700) per hour. (See id.) Simply stated, the Commissioner has taken the full twenty-five percent (25%) contingency fee award (i.e., twenty-five thousand eight hundred eighty-six dollars ($25,886.00)) and divided it by the total hours spent by Plaintiff's Counsel on this district court case (i.e., thirty-six and one quarter (36.25) hours) to show a resulting hourly rate of seven hundred fourteen dollars and nine cents ($714.09).[4] The Commissioner posits that without knowing the usual billing rates for Attorney Binder and Attorney Kwon, the resulting hourly rate "constitutes a windfall to counsel in light of the routine nature of this case." (Id. at 3.) The Court

---

[4] If the Court performs this calculation on the nineteen thousand eight hundred sixty-two dollars and seventy cents ($19,862.70) balance Plaintiff now seeks, the resulting hourly rate is five hundred forty-seven dollars and ninety-three cents ($547.93). The Commissioner argues this is still a windfall to Counsel. (See Def.'s Resp. at 3.)

disagrees.

The fee sought does not exceed § 406(b)'s twenty-five percent (25%) cap. Thus, the requested fee is not excessive for a Social Security disability benefits appeal. Further, nothing in the record evinces fraud or overreaching; indeed, the Commissioner concedes this point. (See Def.'s Resp. at 2 ("There is no evidence of fraud or overreaching in the making of the fee agreement in this case.").) Likewise, there is no evidence that Binder unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee. To the contrary, the record demonstrates prompt, appropriate actions by Binder. In fact, as a result of Counsel's diligent work on Plaintiff's brief in support of a motion for judgment on the pleadings, the Commissioner "proposed a remand and Counsel accepted the stipulation in light of the knowledge of the likelihood of the success on remand." (Binder Aff. at ¶ 14.) This stipulated remand demonstrates expeditious handling of Plaintiff's case, not unreasonable delay. Thus, the remaining consideration is whether the requested amount constitutes a windfall to Counsel.

When determining whether an award of attorneys' fees is a windfall

> the court *may* require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

Gisbrecht, 535 U.S. at 808 (emphasis added). In addition, courts have considered the following factors when faced with a "windfall" challenge:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by

> the attorney demonstrated through pleadings which were not
> boilerplate and through arguments which involved both real issues
> of material fact and required legal research, and finally, 3) whether
> the case was handled efficiently due to the attorney's experience in
> handling social security cases.

Joslyn, 389 F. Supp. 2d at 456-57 (citing Boyd v. Barnhart, No. 97-cv-7273, 2002 WL 32096590, *2 (E.D.N.Y. Oct. 24, 2002)); see also Blizzard v. Comm'r Soc. Sec., 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (considering Joslyn "windfall" factors and finding award to Attorney Binder yielding $705 hourly rate not a windfall).

In this case, Counsel has provided the Court with the number of hours devoted to this case, namely, thirty-six and one quarter (36.25) hours. Binder has not provided an hourly rate, but he is not required to do so. Turning to the Joslyn "windfall" factors, the Court finds Counsel's efforts were successful for the Plaintiff. After two denials and two appeals at the administrative level, Binder persuaded the Commissioner to stipulate to a remand of this case for a *de novo* hearing before an ALJ which resulted in Plaintiff being awarded disability benefits. Moreover, while Binder did not file his motion for judgment on the pleadings and the supporting memorandum, the Court is compelled to conclude that it was effective since upon receiving it, the Assistant U.S. Attorney suggested the parties stipulate to a remand and that did, in fact, occur. Additionally, a review of Counsel's itemized time sheet shows that substantial time was expended in analyzing the administrative hearing transcript and the ALJ's decisions and in researching legal issues in Counsel's drafting of Plaintiff's brief. (See Ex. C, attached to Binder Aff.) Finally, the fact that the Commissioner stipulated to a remand of Plaintiff's case also supports a finding that Plaintiff's case was handled efficiently due to Binder's experience in handling social security cases. In sum, the Court finds the award Plaintiff is seeking is not a

windfall to Attorney Binder.[5]

IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)(1) is GRANTED; Plaintiff's Counsel is awarded nineteen thousand eight hundred sixty-two dollars and seventy cents ($19,862.70) in attorneys' fees which is the balance of the twenty-five percent (25%) that, under 42 U.S.C. § 406(b), has been withheld from the retroactive benefits awarded to the Plaintiff. Any other monies held pursuant to 42 U.S.C. § 406(b) by the Social Security Administration from the retroactive benefits awarded to the Plaintiff shall be released to the Plaintiff.

**IT IS SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 27, 2008
       Central Islip, NY

---

[5] This finding is further buttressed by decisions of other court within this Circuit finding similar awards not to be a windfall. See e.g., Blizzard v. Comm'r Soc. Sec., 496 F. Supp. 2d 320 (S.D.N.Y. 2007) (finding award of $26,798.25 for 38 hours of work–yielding rate of $705/hour–not a windfall); Morro v. Barnhart, No. 02-cv-4265 (CBA) (VVP), (E.D.N.Y. Apr. 25, 2006) (order adopting report and recommendation that $30,782.30 be awarded for 41.5 hours of work, yielding hourly rate of $741.74); Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (finding no windfall in award of $38,116.50 for 42.75 hours of work yielding an hourly rate of $891.61); but see Benton v. Comm'r Soc. Sec., No. 03-cv-3154 (ARR), 2007 WL 2027320 (E.D.N.Y. May 17, 2007) (finding award of $44,694.75 for 33.5 hours of work, yielding an hourly rate of $1,334.17, a windfall and reducing award).